IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPLE AMERICAN GROUP, LLC, | ) |
| Plaintiff, | ) Civil Action No. 15-cv-__325__ |
| v. | ) |
| GBC DESIGN, INC., | ) **ELECTRONICALLY FILED** |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff Apple American Group, LLC ("Apple American"), by and through its undersigned counsel, and files the following complaint against Defendant GBC Design, Inc. ("GBC"), averring as follows:

## PARTIES

1. Plaintiff Apple American Group, LLC is a Delaware limited liability corporation with a place of business at 222 Jamesway Road, Ebensburg, Cambria County, Pennsylvania 15931.

2. Defendant GBC Design, Inc. is an Ohio corporation with a principal place of business at 565 White Pond Drive, Akron, Summit County, Ohio 44320.

## JURISDICTION AND VENUE

3. This Court has general personal jurisdiction over GBC because GBC purposefully availed itself of the benefits and protections of, and has established minimum contacts with, this jurisdiction by continuously doing business in this jurisdiction.

4. This Court has specific personal jurisdiction over GBC because its actions related to the instant action occurred in this jurisdiction. Specifically, GBC negligently completed certain site plan work at Apple American's place of business in Ebensburg, Pennsylvania.

1

5.  This Court has subject matter jurisdiction over GBC pursuant to 28 U.S.C. section 1332 because there exists diversity of the parties. Apple American and GBC are domiciled in different states, and the amount in controversy exceeds $75,000.00.

6.  Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(3), because, *inter alia*, the events or omissions giving rise to the claim occurred within this jurisdiction.

**FACTS**

7.  Apple American incorporates all averments in the above paragraphs as though fully set forth herein.

*Apple American Acquires and Begins to Develop the Premises*

8.  Apple American owns and operates approximately 480 Applebee's Neighborhood Grill and Bar® Restaurant franchises ("Applebee's®") throughout the United States.

9.  Amongst those franchise operations, Apple American operates the Applebee's® located at 222 Jamesway Road in Ebensburg, Pennsylvania ("Premises").

10. Apple American acquired the Premises in 2013 and immediately commissioned plans and necessary inspections to construct an Applebee's® restaurant and supporting fixtures, including a parking lot and sidewalk, at the Premises.

11. Amongst those site inspections, Apple American contracted with ACA Engineering, Inc. ("ACA") to conduct a geotechnical investigation of the Premises to guide site planning. ACA issued its Geotechnical Investigation Report on August 9, 2013.

*GBC's Defective Site Plans*

12. In March 2013, Apple American contracted with GBC to provide the Premises' Site Plans, which GBC agreed would consist of, *inter alia*, a 1"-20' plan that included "the following drawings to be used for approval and construction of [the Premises]":

      a. "building location and parking space locations with horizontal dimensions" and "site lighting pole locations" consistent with the architect and lighting consultant plans;

      b. a "**Grading, Drainage and Erosion Control Plan**", which included "finished floor elevation, existing and proposed contours and proposed spot elevations"; and

      c. a utility plan.

*See March 11, 2013 Contract, incorporated by reference and attached hereto as Exhibit A, p. 1.*

13. GBC also contracted to prepare Site Plans to be submitted to, and approved by, "approving authorities" as well as preparation of attendant notices. *See Ex. A, p. 2.*

14. Excluded from GBC's work was certain analytical work; GBC instead would rely on other contractors' work, including ACA, to prepare appropriate and adequate Site Plans.

15. After receiving those reports, including the ACA Geotechnical Investigation Report, GBC completed the Site Plans in August and September 2013.

16. GBC charged Apple American $13,661.81 for its work related to the Premises.

*Site Approval and Restaurant Opening*

17. The appropriate authorities approved Apple American's project at the Premises per GBC's Site Plans and Apple American, using various contractors, began construction based on those Site Plans at the Premises in 2013.

18. The Premises' construction was complete in the Spring of 2014.

19. The local inspecting agencies and authorities inspected the Premises and approved the construction as loyal to GBC's Site Plans.

20. Shortly thereafter, in November 2014, the restaurant opened at the Premises.

*Water Drainage and Related Problems*

21. Almost immediately after opening the restaurant, the Premises began to suffer

drainage and moisture issues, including without limitation:

  a. breakdown of the rain garden installed on the north side of the Premises per GBC's Site Plans, causing water to freeze and back up into the downspouts and under sidewalks;

  b. failure of drainage and water management grading systems, installed per GBC's Site Plans, leading to water infiltration that caused cracking and buckling of the sidewalks and driveways on the Premises; and

  c. damage to the roof, doors and windows of the restaurant due to the failure of the drainage and grading systems installed per GBC's Site Plans.

22. This resulted in unsafe conditions at the Premises for restaurant guests, employees, and other persons visiting the site for personal or business reasons.

23. As a result, Apple American hired ACA to inspect the Premises.

24. On September 1, 2015, ACA opined, "the pavement is deteriorating due to the insufficient subbase thickness and presence of soft and set subgrade soils below the subbase." In essence, ACA found GBC's Site Plans failed to follow its Geotechnical Investigation Report.

25. ACA recommended excavating the existing structures and drainage/grading systems and replacing them with acceptable drainage consistent with its 2013 Report.

26. Apple American also hired Wallace & Pancher, Inc. ("WPI"), another engineering firm, to inspect the Premises in September 2015. WPI similarly found GBC's Site Plans failed to comply with the 2013 ACA Geotechnical Investigation Report in several substantial ways.

27. The WPI report also found GBC's failure to include the Geotechnical Investigation Report's recommendations in its Site Plans was the cause of the water damage described above.

*Apple American's Damages*

28. In order to correct these defects, Apple American was required close the restaurant for several days to: (a) replace the sidewalk; (b) replace the parking lot; and (c) make

various repairs to the restaurant structure.

29. At present, Apple American has spent in excess of $320,000.00 to correct the defects in GBC's Site Plans.

30. Moreover, Apple American has suffered lost profits due to restaurant closure during the busy summer and fall months as well as damage to its business reputation resulting from closure during otherwise normal business hours.

31. Further still, Apple American has incurred costs to mitigate and change GBC's defective Site Plans.

### COUNT ONE - BREACH OF CONTRACT

32. Apple American incorporates all averments in the above paragraphs as though fully set forth herein.

33. As stated above, GBC contracted to provide Site Plans that included appropriate and adequate drainage and water management systems at the Premises. *See Ex. A*.

34. As evidenced by subsequent events and two expert reports, GBC failed to provide adequate drainage and water management systems in its Site Plans.

35. That failure was a breach of GBC's contractual obligations to Apple American, which breach caused Apple American to suffer damages in the nature of: (a) mitigation and repair costs; (b) lost profits; (c) lost business reputation; and (d) costs associated with obtaining and securing approval of the defective Site Plans.

36. Those damages will be proven at trial or dispositive motion but without doubt exceed $350,000.00.

WHEREFORE, Apple American prays the Court enter judgment in its favor and against GBC for: (a) its expenses incurred in obtaining and securing approval for the defective Site

Plans: (b) its costs to repair or mitigate the effect of the defective Site Plans; (c) its lost profits resulting from restaurant closure to make those repairs: (d) damages to its business reputation; (e) its attorneys' fees and costs incurred as a direct result of the breach; and (f) what other and further relief this Court deems just and appropriate.

## COUNT TWO – PROFESSIONAL NEGLIGENCE

37. Apple American incorporates all averments in the above paragraphs as though fully set forth herein.

38. As noted above, GBC is a licensed engineering firm that Apple American hired to perform certain professional services at the Premises.

39. As a licensed professional, GBC has a duty independent and separate from its contract with Apple American to complete Site Plans in an appropriate and adequate manner.

40. GBC owed this duty to Apple American as the owner and occupant of the Premises.

41. By providing defective and negligent Site Plans as detailed above, GBC breached its duty to Apple American.

42. GBC's breach caused the damages set forth above, including but not limited to: (a) mitigation and repair costs; (b) lost profits; (c) lost business reputation; and (d) costs associated with obtaining and securing approval of the defective Site Plans.

WHEREFORE, Apple American prays the Court enter judgment in its favor and against GBC for: (a) its expenses incurred in obtaining and securing approval for the negligently completed Site Plans: (b) its costs to repair or mitigate the effect of the negligently completed Site Plans; (c) its lost profits resulting from restaurant closure to make those repairs: (d) damages to its business reputation; (e) its attorneys' fees and costs incurred as a direct result of the breach;

and (f) what other and further relief this Court deems just and appropriate.

## COUNT THREE – NEGLIGENCE

43. Apple American incorporates all averments in the above paragraphs as though fully set forth herein.

44. As set forth above, GBC owed Apple American a duty to draft Site Plans that would lead to approval of a safe and sustainable building and attendant fixtures at the Premises.

45. By completing the Site Plans in a defective and negligent manner, GBC breached that duty to Apple American.

46. GBC's breach caused the damages set forth above, including but not limited to: (a) mitigation and repair costs; (b) lost profits; (c) lost business reputation; and (d) costs associated with obtaining and securing approval of the defective Site Plans.

WHEREFORE, Apple American prays the Court enter judgment in its favor and against GBC for: (a) its expenses incurred in obtaining and securing approval for the negligently completed Site Plans: (b) its costs to repair or mitigate the effect of the negligently completed Site Plans; (c) its lost profits resulting from restaurant closure to make those repairs: (d) damages to its business reputation; (e) its attorneys' fees and costs incurred as a direct result of the breach; and (f) what other and further relief this Court deems just and appropriate.

## COUNT FOUR - UNJUST ENRICHMENT
### (*Plead in the Alternative*)

47. Apple American incorporates all averments in the above paragraphs as though fully set forth herein.

48. As stated above, GBC agreed to provide appropriate and adequate Site Plans for the Premises.

49. In return for GBC's promise to deliver appropriate and adequate Site Plans, Apple

American paid GBC $13,661.81.

50. GBC knew Apple American expected appropriate and adequate Site Plans in exchange for those payments.

51. GBC benefitted from and retained those monies that, due to the defects in its Site Plans, it did not earn.

52. It would be inequitable for GBC to retain those monies in light of its failure to provide appropriate and adequate Site Plans.

WHEREFORE, Apple American prays the Court enter judgment in its favor and against GBC for: (a) all benefit GBC enjoyed but did not earn, including without limitation the $13,661.81 in fees it collected without providing appropriate and adequate Site Plains; (b) its attorneys' fees and costs incurred as a direct result of the breach; and (c) what other and further relief this Court deems just and appropriate.

Dated: December 14, 2015                    Respectfully submitted,

**GORDON & REES LLP**

*/s/ Alexander W. Saksen*
Alexander W. Saksen, Pa. ID No. 86049
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(412) 577-7400
asaksen@gordonrees.com
*Counsel for Plaintiff Apple American Group, LLC*