## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **APPLE AMERICAN GROUP, LLC,** ) | **CIVIL ACTION NO. 3:15-325** |
| ) | |
| **Plaintiff,** ) | |
| ) | **JUDGE KIM R. GIBSON** |
| **v.** ) | |
| ) | |
| **GBC DESIGN, INC.,** ) | |
| ) | |
| **Defendant/Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JACKSON TAYLOR CONTRACTORS,** ) | |
| **LLC., ACA ENGINEERING, INC., and** ) | |
| **L.R. KIMBALL & ASSOCIATES, INC.,** ) | |
| ) | |
| **Third-Party Defendants.** ) | |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the Court are: (1) a Motion to Dismiss GBC's Third-Party Complaint,

filed by Third-Party Defendant Jackson Taylor Contractors, LLC. ("Jackson Taylor") (ECF

No. 39); (2) a Motion to Dismiss L.R. Kimball & Associates, Inc.'s[1] Cross-claim, also filed by

Jackson Taylor (ECF No. 45); and (3) a Motion to Dismiss GBC's Third-Party Complaint,

filed by Third-Party Defendant ACA Engineering, Inc. ("ACA") (ECF No. 49). The motions

have been fully briefed and are ripe for disposition.

---

[1] L.R. Kimball & Associates, Inc. is referred to as "Kimball" throughout.

For the reasons explained below, the Court will **grant in part and deny in part** Jackson Taylor's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 39) and will grant GBC leave to amend. The Court will **deny** Jackson Taylor's Motion to Dismiss Kimball's Crossclaim (ECF No. 45). Finally, the Court will **deny** ACA's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 49).

## II.    Jurisdiction and Venue

The Court has subject matter jurisdiction over the original Complaint filed by Apple American Group, LLC. ("Apple") because Apple and GBC are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Venue is proper because a substantial part of the events or omissions giving rise to Apple's claims occurred in the Western District of Pennsylvania. 28. U.S.C. § 1391.

The Court has supplemental jurisdiction over GBC's third-party claims against Kimball, Jackson Taylor, and ACA because GBC's third-party claims form part of the same case or controversy. 28. U.S.C. § 1367(a). Similarly, the Court has supplemental jurisdiction over Kimball's cross-claims against Jackson Taylor and ACA because Kimball's cross-claims form part of the same case or controversy. *Id.*

## III.    Background

### A.     Apple's Complaint Against GBC[2]

Apple owns and operates Applebee's Neighborhood Restaurant franchises. (ECF No. 1 at ¶ 7.)

---

[2] The facts contained in this section are derived from Apple's Complaint (ECF No. 1). The Court accepts these facts as true for the sole purpose of deciding the pending motions.

In 2013, Apple purchased a property in Ebensburg, Pennsylvania, on which it planned to construct an Applebee's restaurant. (*Id.* at ¶ 10.) Apple contracted with ACA to conduct a "Geotechnical Investigation Report" of the premises "to guide site planning." (*Id.* at ¶ 11.) Apple also contracted with GBC to provide Site Plans which included, among other things, a "grading, drainage, and erosion control plan . . . ." (*Id.* at ¶ 12.) Apple's contract with GBC provided that GBC would rely on other contractors' work, including ACA's Geotechnical Investigation Report, to prepare the Site Plans. (*Id.* at ¶ 14.) GBC completed the Site Plans in September 2013 after receiving ACA's Geotechnical Report and reports from other contractors. (*Id.* at ¶ 15.)

Construction on the Applebee's began in 2013 and was completed by spring of 2014. (*Id.* at ¶ 18.) The appropriate agencies inspected the Applebee's and approved the construction as conforming to GBC's Site Plans. (*Id.* at ¶ 19.) The Applebee's opened for business in November 2014. (*Id.* at ¶ 20.)

The Applebee's immediately began to experience drainage and moisture issues. (*Id.* at ¶ 21.) The rain garden installed on the north side of the building failed and caused water to pool and freeze in the downspouts and under the sidewalks. (*Id.*) The drainage and water management systems malfunctioned and allowed water infiltration that cracked and buckled the sidewalks. (*Id.*) And the drainage and grading systems proved deficient and caused the roof, doors, and windows to suffer severe damage. (*Id.*)

These defective systems conformed with GBC's Site Plans. (*Id.*)

Apple hired ACA—the engineering firm that had prepared the Geotechnical Investigation Report—to inspect the premises. (*Id.* at ¶ 23.) ACA determined that the

3

damage to the premises was due to the fact that GBC's Site Plans failed to properly follow ACA's Geotechnical Investigation Report. (*Id.* at ¶ 24.) ACA also hired Wallace & Pancher, Inc.—another engineering firm—to inspect the premises. (*Id.* at ¶ 26.) Like ACA, Wallace & Pancher determined that GBC's Site Plans failed to conform to ACA's Geotechnical Investigation Report and that this failure caused the water damage. (*Id.* at ¶ 27.)

Apple spent approximately $300,000.00 to fix the defects. (*Id.* at ¶ 29.) Apple also sustained lost profits and damage to its reputation because it closed its business "for several days" to make the necessary repairs. (*Id.* at ¶ 28.)

Apple brings four counts against GBC: (1) breach of contract; (2) professional negligence; (3) negligence; and (4) unjust enrichment. (ECF No. 1 at ¶¶ 32-52.)

## B.   GBC's Third-Party Complaint Against Third-Party Defendants ACA, Jackson Taylor, and Kimball[3]

On March 31, 2017, GBC filed its Third-Party Complaint. (ECF No. 24.) GBC asserts one count of indemnification/contribution against each third-party defendant (*id.*) and alleges the facts described below.

ACA served as the engineering firm for the Applebee's construction project and was responsible for producing a Geotechnical Investigation Report and ensuring that the report's recommendations were followed during construction. (*Id.* at ¶¶ 17, 18.) Apple's harm resulted from ACA's negligent failure to ensure that the construction complied with the recommendations set forth in its Geotechnical Investigation Report. (*Id.* at ¶ 19.)

---

[3] The facts contained in this section are derived from GBC's Third-Party Complaint (ECF No. 24). The Court accepts these facts as true for the sole purpose of deciding the pending motions.

Jackson Taylor served as the general contractor for the Applebee's construction project and performed the defective work described in Apple's Complaint. (*Id.* at ¶ 12.) Jackson Taylor knew about the recommendations set forth in ACA's Geotechnical Investigation Report but failed to abide by these recommendations when it constructed the Applebee's. (*Id.* at ¶ 13.) Apple's harm resulted from Jackson Taylor's negligent failure to conform its construction to the specifications of ACA's Geotechnical Investigation Report. (*Id.* at ¶ 16.)

Kimball provided constriction services to Apple. (*Id.* at ¶ 20.) Kimball supervised the construction of the Applebee's and was responsible for ensuring that the design documents—including ACA's Geotechnical Investigation Report—were followed. (*Id.* at ¶ 21.) Apple's harm resulted from Kimball's negligent failure to properly supervise the construction and ensure that the construction complied with the design recommendations. (*Id.* at ¶¶ 22, 23.)

### C. Kimball's Cross-claims Against ACA and Jackson Taylor

Finally, Third-Party Defendant Kimball asserts cross-claims for indemnification/contribution against ACA and Jackson Taylor. Kimball asserts its cross-claims on the last page of its Answer and Affirmative Defenses to GBC's Third-Party Complaint (*see* ECF No. 35). While Kimball's cross-claims are pled sparingly and merely allege that ACA and Jackson Taylor are liable to Kimball for any monies that Kimball is found to owe GBC, Kimball "incorporates by reference the factual allegations in the Complaint and the Third-Party Complaint." (*Id.* at 8.)

## IV.    Legal Standards

### A.    Standard of Review

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[4] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[4] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## B. Joinder Under Rule 14

Under Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Therefore, "for a third-party claim to be valid, there must be a basis for liability between the third-party defendant and the defendant/third-party plaintiff." *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 492 (W.D. Pa. 2016) (Fischer, J.) (citing C. Wright, A. Miller, & M. Kane, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.)). In other words, "[a] defendant may only use Rule 14 [of the Federal Rules of Civil Procedure] to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff." *Flickinger v. Toys R Us, Inc.*, No. 3:10-CV-305, 2010 WL 4384252, at *1 (M.D. Pa. 2010), *citing FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994); *see Gamble v. Treetop Dev.*, LLC, No. 3:16-CV-01960, 2017 WL 3392356, at *2 (M.D. Pa. 2017) (explaining that "it is not permissible to bring in a person as a third-party defendant simply because he is or may be liable to the plaintiff") (citing *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137 (W.D. Pa. 1964)).

"Rule 14 is procedural in nature, and a party's substantive rights must derive from state law." *Herndon Borough Jackson Twp. Joint Mun. Auth. v. Pentair Pump Grp., Inc.*, No.

7

4:12-CV-01116, 2015 WL 2166097, at *2 (M.D. Pa. May 8, 2015) (citing *Garcia v. Cummings*, 1:07–cv–1886, 2009 WL 136785, at *2 (M.D. Pa. Jan. 20, 2009)). "Where . . . state substantive law recognizes a right of contribution and/or indemnity, impleader under Rule 14 is the proper procedure by which to assert such claims." *EQT Prod. Co.*, 179 F. Supp. 3d at 492–93 (quoting *In re One Meridian Plaza Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993) (citing *Smith v. Whitmore*, 270 F.2d 741 (3d Cir. 1959)).

## B.  Gist of the Action

"The gist of the action doctrine precludes tort claims where the true gravamen, or gist, of the claim sounds in contract." *Dommel Properties LLC v. Jonestown Bank & Tr. Co.*, 626 F. App'x 361, 364 (3d Cir. 2015) (citing *Bruno v. Erie Ins. Co.*, 630 Pa. 79, 111, 106 A.3d 48, 68 (2014)). Courts apply the gist of the action doctrine when the claims "(1) aris[e] solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contact claim . . . ." *Addie v. Kjaer*, 737 F.3d 854, 866 (3d Cir. 2013) (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002)); *Sbarra v. Horizontal Expl., LLC*, No. CV 14-866, 2016 WL 3268860, at *4 (W.D. Pa. June 15, 2016); *Patel v. Patel*, No. CV 14-5845, 2016 WL 3000821, at *3 (E.D. Pa. May 25, 2016).

"Under Pennsylvania law, the 'gist of the action' doctrine 'precludes plaintiffs from recasting ordinary breach of contract claims into tort claims.'" *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010) (quoting *Erie Ins. Exch. v. Abbott Furnace Co.*, 2009 PA Super 88, 972 A.2d 1232, 1238 (2009)). As the Pennsylvania Supreme Court recently

8

explained in *Bruno*, "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract." *Bruno*, 106 A.3d at 68. However, if "the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." *Id.* As the Third Circuit stated, *Bruno* "'reaffirm[ed]' the 'duty-based' analytical framework 'as the touchstone standard for ascertaining the true gist or gravamen of a claim.'" *Dommel*, 626 F. App'x at 365 (quoting *Bruno*, 106 A.3d at 69.)

### C.    Contribution

"Contribution 'is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both.'" *EQT Prod. Co.*, 179 F. Supp. 3d at 493 (quoting *Swartz v. Sunderland*, 403 Pa. 222, 169 A.2d 289, 290 (1961)). The Pennsylvania Uniform Contribution Among Joint Tortfeasors Act (the "Act") governs the right of contribution under Pennsylvania law. 42 Pa. C.S. §§ 8322-8327. The Act only provides for contribution among joint tortfeasors. *Id.* at § 8324(a); *EQT Prod. Co.*, 179 F. Supp. 3d at 493; *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002) (citing *Kemper Nat'l P & C Cos. v. Smith*, 419 Pa. Super. 295, 309, 615 A.2d 372, 380 (1992)). The Act defines "joint tortfeasors" as "two or more persons jointly or severally *liable in tort* for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. C.S. § 8322 (emphasis added). Accordingly, "to be joint tortfeasors, 'the parties

9

must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.'" *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 552 F. Supp. 2d 515, 520 (E.D. Pa. 2008) (quoting *Foulke*, 212 F.R.D. at 270).

"[C]ontribution is not available for breach of contract claims." *EQT Prod. Co.*, 179 F. Supp. 3d at 493 (collecting cases); *Smerdon v. GEICO Cas. Co.*, No. 4:16-CV-02122, 2017 WL 2506421, at *4 (M.D. Pa. June 9, 2017).

### D. Common Law Indemnity

"Unlike the right of contribution, common law indemnity is an 'equitable remedy that shifts the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault.'" *EQT Prod. Co.*, 179 F. Supp. 3d at 493 (quoting *City of Wilkes–Barre v. Kaminski Bros.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002)). Common law indemnity applies "to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 530 (E.D. Pa. 2014) (internal citation and quotation marks omitted).

The Supreme Court of Pennsylvania has stated that, in the context of common law indemnity claims:

> [T]he important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.

*Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368, 371 (1951).

"Like contribution, common law indemnity is only available for liability sounding in tort and is not available for breach of contract." *EQT Prod. Co.*, 179 F. Supp. 3d at 493–94 (internal citations omitted).

## V. Discussion

The Court is presented with three pending motions: (1) Jackson Taylor's motion to dismiss GBC's third-party claim; (2) Jackson Taylor's motion to dismiss Kimball's cross-claim; and (3) ACA's motion to dismiss GBC's third-party claim. The Court will discuss these motions in turn.

### A. The Court Will Grant in Part and Deny in Part Jackson Taylor's Motion to Dismiss GBC's Third-Party Claim

Jackson Taylor articulates four arguments for why this Court should dismiss GBC's third-party claim. The Court will examine these arguments in turn, starting with Jackson Taylor's argument that GBC improperly joined it as a third-party defendant.

#### 1. GBC Properly Alleged that Jackson Taylor is Derivatively Liable to GBC

First, Jackson Taylor asserts that GBC may not join it as a third-party defendant because GBC alleges that Jackson Taylor is liable to Apple instead of alleging that Jackson Taylor is derivatively liable to GBC for GBC's potential liability to Apple. (ECF No. 40 at 5-7.) Jackson Taylor further argues that GBC's third-party claim is improper because GBC alleges that Jackson Taylor's negligence directly and proximately caused the injuries Apple sustained. (*Id.* at 7.) In response, GBC argues that it's Third-Party Complaint does not assert that Jackson Taylor is liable directly to Apple, but merely alleges that if GBC were found

11

liable to Apple, Jackson Taylor would be liable to GBC for contribution and common law indemnity. (ECF No. 47 at 5.)

The Court finds that GBC properly alleged that Jackson Taylor is derivatively liable. GBC's Third-Party Complaint alleges that, if GBC is found to be liable to Apple, GBC is entitled to indemnification and contribution from Jackson Taylor. (*See* ECF No. 24 at ¶¶ 26, 27.) Accordingly, GBC's third-party claim argues that Jackson Taylor is secondarily liable to GBC should GBC be found liable to Apple. (*Id.*) Therefore, GBC's claim against Jackson Taylor satisfies Rule 14's requirement that a defendant allege that the third-party defendant "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

Jackson Taylor cites one case from within the Third Circuit to support its argument that GBC improperly alleged that Jackson Taylor is liable to GBC. However, this case is inapposite. In *Foulke*, 212 F.R.D. 265, the plaintiff hired an attorney to bring a negligence suit against an employee of a company who had allegedly assaulted him. *Id.* at 267. The attorney inspected the company's personnel files during his investigation into the allegations. *Id.* The attorney determined that the personnel files did not contain any information that would have placed the employer on notice of its employee's violent tendencies and, accordingly, recommended that the plaintiff drop his case. *Id.* The plaintiff followed his attorney's advice. *Id.* Two years later, the plaintiff sued the attorney for malpractice for dismissing the plaintiff's negligence suit. *Id.* During discovery, the attorney uncovered a transcript from a disciplinary hearing where the employee who had allegedly assaulted the plaintiff was accused of assaulting a fellow employee at work. *Id.* The attorney brought a third-party claim against the corporation and argued that the corporation was

directly liable to the plaintiff for the malpractice claim because it failed to produce the disciplinary report. *Id.* The district court rejected this argument, holding that "there is no way that [the corporation] can be held liable for any part of [the attorney's] alleged [legal] malpractice." *Id.* at 269.

*Foulke* does not apply here. While the corporation in *Foulke* could not be held liable for all or part of the plaintiff's legal malpractice claim against his attorney, there is no reason why Jackson Taylor could not be held liable for all or part of Apple's negligence claim against GBC. Accordingly, Jackson Taylor's analogy to *Foulke* fails to persuade this Court that GBC's third-party claim is improper.[5]

The Court's finding that GBC properly alleged that Jackson Taylor is derivatively liable to GBC does not end the Court's inquiry into whether it should grant Jackson Taylor's motion dismiss. "Rule 14 creates no substantive rights." *Smerdon*, 2017 WL 2506421, at *3. Rather, "a party's substantive rights must derive from state law." *Herndon Borough*, 2015

---

[5] The Court notes that paragraph 25 of GBC's Third-Party Complaint states that "GBC denies any liability to [Apple] in any amount" and asserts that the "Third-Party Defendants are actively, primarily, and directly responsible for [Apple's] claimed damages." (ECF No. 24 at ¶ 25.) If this were GBC's only allegation of causation and liability, GBC's Third-Party Complaint would be impermissible under Rule 14 because a defendant may not join a party who "is or may be liable solely to the plaintiff." *Flickinger*, 2010 WL 4384252, at *1. However, paragraphs 26 and 27 assert proper third-party claims: GBC asserts that *if* GBC *is* found liable to Apple, GBC is entitled to indemnification and contribution against the Third-Party Defendants. (ECF No. 24 at ¶¶ 26, 27.) Contrary to Jackson Taylor's argument, GBC's alternative pleading does not doom its third-party claims. The Federal Rules expressly permit alternative pleading, even when the alternative theories are inconsistent. Fed. R. Civ. P. 8(d); *see Grimsley v. Manitowoc Co., Inc*, 675 F. App'x 118, 122 (3d Cir. 2017) (noting that Rule 8 "provid[es] for alternative and inconsistent pleadings"); *Indianapolis Life Ins. Co. v. Hentz*, No. CIV A 1:06CV2152, 2009 WL 36454, at *4 (M.D. Pa. Jan. 6, 2009) (noting that under Rule 8's alternative pleading scheme, "[e]ven contradictory statements of fact are allowable subject to the requirements of Rule 11 when the pleader is legitimately in doubt about the facts in question.") (internal citations omitted).

WL 2166097, at *2. Accordingly, the Court must determine whether GBC may hold Jackson

Taylor liable for indemnity and/or contribution under Pennsylvania law. The first step in

this inquiry is to address Jackson Taylor's argument that the gist of the action doctrine bars

GBC's third-party claims.

### 2. Viewing the Facts in the Light Most Favorable to GBC, the Gist of the Action Doctrine Does Not Bar GBC's Third-Party Claim

Jackson Taylor contends that, under the gist of the action doctrine, Apple's

negligence and professional negligence claims sound in contract rather than in tort. (ECF

No. 40 at 9-11.) If the Court accepts Jackson Taylor's argument, the Court must dismiss

GBC's third-party claim against Jackson Taylor because, under Pennsylvania law,

indemnification and contribution are unavailable in contract actions. GBC contends that the

gist of the action doctrine does not bar its third-party claim and argues that Apple's

negligence and professional negligence claims sound in tort rather than in contract. (ECF

No. 47 at 7-9.)

The Third Circuit has stated that "[a]pplication of [the gist of the action] doctrine

frequently requires courts to engage in a factually intensive inquiry as to the nature of a

plaintiff's claims." *Addie*, 737 F.3d at 868 (citing *Baker v. Family Credit Counseling Corp.*, 440

F. Supp. 2d 392, 418 (E.D. Pa. 2006)). Accordingly, district courts in the Third Circuit

commonly allow contract and tort claims to simultaneously proceed into discovery and

defer evaluating a gist of the action challenge until the summary judgment stage. *See, e.g.,*

*Crestwood Membranes, Inc. v. Constant Servs., Inc.*, No. 3:15-CV-537, 2016 WL 659105, at *5

(M.D. Pa. Feb. 17, 2016) (denying motion to dismiss tort claims after gist of the action

challenge and noting that "[w]hile discovery or trial might prove that [the defendant] cannot be held liable in tort, the Court cannot so determine at this early stage of the litigation"); *H Contractors, LLC v. E.J.H. Constr., Inc.*, No. CV 16-368, 2017 WL 658240, at *6 (W.D. Pa. Feb. 16, 2017) (denying motion to dismiss tort claim after gist of the action challenge, noting that "the Court must proceed cautiously in evaluating Third-Party Plaintiff's fraudulent inducement claim and whether it is barred by the gist of the action doctrine[,]" and explaining that the moving party "may revisit this issue after the close of discovery.").

The Court lacks sufficient information to determine whether the gist of the action doctrine bars Apple's negligence and professional negligence claims—and therefore also lacks sufficient information to determine whether the gist of the action doctrine bars GBC's third-party claim against Jackson Taylor. Discovery or trial might prove that the gist of the action doctrine subsumes Apple's and GBC's tort claims. But given the "factually intensive inquiry" of applying the gist of the action doctrine, *Addie*, 737 F.3d at 868, the Court will "proceed cautiously." *H Contractors*, 2017 WL 658240, at *6. Accordingly, the Court finds that taking the facts and all reasonable inferences in the light most favorable to GBC, Apple's—and thus GBC's—tort claims are not barred by the gist of the action doctrine.

The only case that Jackson Taylor cites does not apply here. In *EQT Prod. Co.*, 179 F. Supp. 3d 486, a developer sued a contractor under various contract theories after the liner of a natural gas well ripped and caused environmental contamination. *Id.* at 489-90. The contractor brought third-party claims against subcontractors who had performed work on the well. *Id.* The district court held that the gist of the action doctrine barred the contractor's

third-party claims. *Id.* at 496. The Court emphasized that, *according to the contractor's third-party complaint*, the third-party defendants had signed contracts with the original plaintiff that articulated the obligations that the third-party defendants allegedly failed to perform. *Id.* at 495-96. Because the third-party defendants had independent contractual obligations to the plaintiff, and because their alleged conduct clearly violated these contractual obligations, the district court held that the gist of the action doctrine barred the defendant's third-party claim against the third-party defendants. *Id.* at 496.

*EQT* does not apply here. Neither Apple's Complaint nor GBC's Third-Party Complaint alleges that Jackson Taylor signed a contract with Apple, much less provides a detailed account of any contractual obligations that Jackson Taylor owed Apple. Accordingly, the Court rejects Jackson Taylor's analogy to *EQT* and dismisses Jackson Taylor's argument that the gist of the action doctrine prohibits GBC's third-party claim from proceeding to the summary judgment stage.

Having rejected Jackson Taylor's arguments that GBC's third-party claim should be dismissed for improper joinder and the gist of the action doctrine, the Court turns to the merits of GBC's contribution and indemnity claims.

### 3. GBC Stated a Plausible Claim for Contribution

Next, Jackson Taylor argues that this Court must dismiss GBC's third-party contribution claim. Jackson Taylor contends that GBC and Jackson Taylor cannot be classified as joint tortfeasors because they owed different duties to Apple. (ECF No. 40 at 10.) According to Jackson Taylor, GBC's duties to Apple "related to its preparation, as a design professional, of the Site Plans, while Jackson Taylor's arose from its construction of

the [r]estaurant." (*Id.* at 11.) GBC responds by arguing that it has plausibly alleged that GBC and Jackson Taylor are joint tortfeasors because their actions united to cause the singular harm—moisture and drainage problems—that Apple suffered. (ECF No. 47 at 11.)

The Court is satisfied that GBC has stated a plausible contribution claim. As GBC argues in its response brief, Apple sustained a single injury—"water and moisture damage" (ECF No. 47 at 12)—which plausibly makes GBC and Jackson Taylor "joint tortfeasors." *See* 42 Pa. C.S. § 8322 (defining "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the *same injury* to persons or property.") (emphasis added).

It is possible that discovery will uncover evidence to corroborate Jackson Taylor's contention that the duties owed, and injuries inflicted, by Jackson Taylor and GBC were distinct, thus foreclosing GBC's contribution claim. But the Court agrees with GBC's assertion that the nature of GBC's relationship with Jackson Taylor turns on issues of fact that are more properly decided at summary judgment. (ECF No. 47 at 12-13.)

### 4. GBC Did Not State a Plausible Common Law Indemnity Claim

Finally, Jackson Taylor argues that this Court should dismiss GBC's common law indemnity claim. Jackson Taylor asserts that GBC and Jackson Taylor do not have a legal relationship sufficient to give rise to a common law duty to indemnify and that, therefore, there is no scenario under which GBC could be held liable for Jackson Taylor's acts or omissions. (ECF No. 40 at 9.) GBC does not allege that a legal relationship exists between it and Jackson Taylor, but instead asserts that Pennsylvania law does not require a legal relationship for one party to owe the other a duty to indemnify. (ECF No. 47 at 10-11.)

The Court holds that GBC failed to state a plausible indemnity claim. GBC has not alleged that it had a legal relationship with Jackson Taylor, much less one that would require GBC to pay damages resulting from Jackson Taylor's negligence. Furthermore, GBC has not alleged that it had any special relationship with Jackson Taylor that would give rise to an extra-contractual duty to indemnify. Because no special relationship exists, Jackson Taylor correctly argues that it would be impossible for GBC to be completely without fault and still be held liable for Jackson Taylor's negligence; either GBC is partially liable, and indemnity is unavailable, or GBC is blameless and has a complete defense to Apple's claims.

5.      **Conclusion: The Court Will Grant in Part, and Deny in Part, Jackson Taylor's Motion to Dismiss GBC's Third-Party Claim**

GBC stated a plausible third-party claim against Jackson Taylor for contribution. Accordingly, the Court will **deny** Jackson Taylor's motion to dismiss as it pertains to GBC's contribution claim. However, GBC failed to state a plausible claim for common law indemnity. Accordingly, the Court will **grant** Jackson Taylor's motion to dismiss as it pertains to GBC's common law indemnity claim.

6.      **Leave to Amend**

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such amendment would be inequitable or futile." *CollegeSource, Inc. v. AcademyOne, Inc.*, 597 Fed. Appx. 116, 126 (3d Cir. 2015) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)). Amendment would be futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which

relief could be granted." *Munchak v. Ruckno*, 692 Fed. Appx. 100, 112 (3d Cir. 2017) (internal citations omitted).

The Court will grant GBC's request for leave to amend. As noted above, GBC must allege a legal or special relationship between GBC and Jackson Taylor to state a plausible common law indemnity claim. Because the Third-Party Complaint failed to allege in detail the relationship between GBC and Jackson Taylor, the Court cannot conclusively determine that amendment would be futile. Accordingly, the Court will allow GBC to amend its Third-Party Complaint.

## B. The Court Will Deny Jackson Taylor's Motion to Dismiss Kimball's Cross-claim

Jackson Taylor asks this Court to dismiss Kimball's cross-claim. Jackson Taylor argues that Kimball cannot maintain a cross-claim against Jackson Taylor if this Court dismisses GBC's Third-Party Complaint. (*See* ECF No. 46 at 3-4.)

This argument is flawed in two respects. First, this Court has already denied Jackson Taylor's motion to dismiss GBC's Third-Party Complaint, instead holding that GBC stated a plausible contribution claim against Jackson Taylor. Second, Jackson Taylor's argument misstates the law. In the Third Circuit, "a dismissal of the original Complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." *Aetna Ins. Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968); *Fairview Park Excavating Co. v. Al Monzo Const. Co.*, 560 F.2d 1122, 1125 (3d Cir. 1977) (reaffirming the rule announced in *Aetna*); *see Impex Agr. Commodities Div. of Impex Overseas Corp. v. Leonard Parness Trucking Corp.*, 582 F. Supp. 260, 261 (D.N.J. 1984) ("When . . . the

19

original claim against a party is dismissed on the merits, crossclaims previously interposed against the same party remain."); *Core Const. & Remediation, Inc. v. Vill. of Spring Valley, NY,* No. CIV.A. 06-CV-1346, 2007 WL 2844870, at *12 (E.D. Pa. Sept. 27, 2007) ("A cross-claim may remain viable after a defendant is dismissed from the underlying action.").

Accordingly, the Court will **deny** Jackson Taylor's Motion to Dismiss Kimball's Cross-claim (ECF No. 45).

### C. The Court Will Deny ACA's a Motion to Dismiss GBC's Third-Party Complaint

Finally, ACA—the engineering firm that prepared the Geotechnical Investigation Report—asks this Court to dismiss GBC's Third-Party Complaint. ACA argues that its contract with Apple—which ACA attached to its motion to dismiss[6]—mandates dismissal of GBC's third-party claim. ACA states that it did not have a contractual relationship with GBC, and asserts that its contract with Apple (1) released ACA from any duty to supervise the work of the third-party contractors who built the Applebee's; (2) gave Apple the option to have ACA provide "field monitoring services" or to have ACA review the project plans to ensure that they conformed to the Geotechnical Investigation Report, but that Apple never asked ACA to do so; and (3) contained an indemnity clause, an exculpatory clause, and a limitation of liability clause. (*See* ECF No. 50 at 3-6.) In response, GBC argues that ACA improperly relies on extrinsic documents that are neither attached to nor integral to Apple's Complaint or GBC's Third-Party Complaint. (ECF N0. 52 at 3-4.)

---

[6] *See* ECF No. 50-1.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *see also Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 Fed. Appx. 92, 95 (3d Cir. 2014) ("Generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.") (internal citations omitted).

"However, an exception to the general rule is that a 'document *integral to or explicitly relied upon* in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'"[7] *Schmidt*, 770 F.3d at 249 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis in original); *see also Schuchardt v. President of the United States*, 839 F.3d 336, 353 (3d Cir. 2016) (stating that a court deciding a 12(b)(6) motion may consider "document[s] *integral to or explicitly relied upon* in the complaint") (emphasis in original) (internal citations omitted).

"Documents are integral when the plaintiff's claims are based on the document." *Hearbest, Inc. v. Adecco USA*, No. 13CV1026, 2013 WL 4786232, at *3 (W.D. Pa. Sept. 6, 2013) (quoting *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n. 9 (3d Cir. 1993)); *Ayco Co., L.P. v. Lipton*, No. 12CV0712, 2012 WL 3746193, at *3 (W.D. Pa. Aug. 29, 2012); *Langweiler v. Borough of Newtown*, No. CIV..A 10-3210, 2011 WL 1809264, at *5 (E.D. Pa. May 12, 2011).

---

[7] "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Schmidt*, 770 F.3d 241 at 249 (internal citations omitted).

The Court finds that ACA's contract with Apple is neither "relied on" by nor "integral to" either of the complaints in this case. While Apple's Complaint mentions in passing that Apple "contracted" with ACA to "conduct a geotechnical investigation" of the Applebee's location "to guide site planning," (ECF No. 1 at ¶11), Apple's claims—*all of which are against GBC*—are in no way based on Apple's contract with ACA. Furthermore, GBC's Third-Party Complaint does not mention any contract between ACA and Apple. (*See* ECF No. 24.) Because ACA's contract with Apple is neither "relied on" by nor "integral to" either of the complaints in this case, the Court will not consider the contract at the motion to dismiss stage.

## VI.    Conclusion

For the reasons described above, the Court will **grant in part and deny in part** Jackson Taylor's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 39) and will grant GBC leave to amend. The Court will **deny** Jackson Taylor's Motion to Dismiss Kimball's Cross-claim (ECF No. 45). Finally, the Court will **deny** ACA's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 49).

An appropriate order follows.

22

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APPLE AMERICAN GROUP, LLC, | ) | CIVIL ACTION NO. 3:15-325 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| GBC DESIGN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 15th day of February, 2018, upon consideration of Jackson Taylor's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 39), Jackson Taylor's Motion to Dismiss Kimball's Cross-claim (ECF No. 45), and ACA's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 49), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** as follows:

1. The Court **grants in part and denies in part** Jackson Taylor's Motion to Dismiss GBC's Third-Party Complaint (ECF No. 39). Specifically:

   a. The Court **denies** Jackson Taylor's motion to dismiss as it pertains to GBC's contribution claim.

   b. The Court **grants** Jackson Taylor's motion to dismiss as it pertains to GBC's indemnity claim. The Court **grants** GBC leave to amend. GBC shall have **21 days** from the date of this order to file an Amended Third-Party Complaint.

2. The Court **denies** Jackson Taylor's Motion to Dismiss Kimball's Cross-claim

   (ECF No. 45).

3. The Court **denies** ACA's Motion to Dismiss GBC's Third-Party Complaint

   (ECF No. 49).

**BY THE COURT**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**